IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3560 |
| Shive, LLC, *et al*. | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Choice Hotels International, Inc.'s ("Choice" or "Plaintiff") Application to Confirm Arbitration Award, ECF No. 1, and Motion for Default Judgment, ECF No. 6. For the following reasons, Choice's request for this Court to enter default judgment in the amount of $ 105,679.58 is GRANTED.

**I.    Background**

On October 26, 2016, Choice filed its Application to Confirm Arbitration Award, ECF No. 1, after having obtained a judgment against Defendants Shive, LLC ("Shive"), and Rupesh V. Patel, collectively, "Defendants," in arbitration proceedings. Choice and Defendants had entered into a franchise agreement on June 16, 2008, that provided for arbitration as its dispute resolution mechanism for breach of the agreement. ECF No. 1-2. Choice initiated arbitration proceedings which none of the Defendants attended. On June 6, 2016, an "Award of Arbitrator" issued in the amount of $105,679.58 representing unpaid franchise and related fees, interest accrued through April 2016 and liquidated damages as well as Defendants' portion of arbitration expenses. ECF No. 1-1.

1

Shive and Patel were properly served on December 8, 2016. ECF No. 4. Defendants failed to respond to Choice's Motion or otherwise contest Choice's claims. Choice then moved for entry of Default, ECF No. 5, and Default Judgment, ECF No. 6. Defendants did not respond to these motions, and the Clerk entered default on January 31, 2017. ECF No. 8.

**II.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the parties default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g.*, *Choice Hotels International, Inc. v. Ja I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels International, Inc. v. Austin Area Hospitality, Inc.*, TDC 15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015). Although the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive. *S.E.C. V. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

**III.    Analysis**

A plaintiff moving for default judgment "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice*, 2012 WL 5995248, at *2 (collecting cases). The Federal Arbitration Act, 9 U.S.C. § 9, provides that "at any time within one year after the

2

award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court so specified for an order confirming the award." Here, Plaintiff filed its motion for confirmation within one year. Section 9 further provides that this Court must grant the order unless the award is modified, vacated or corrected pursuant to sections 10 and 11 of the same Act. *Id.*

Review of an arbitration award is "severely circumscribed" because to allow for a more expansive review would "frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir. 1998). Accordingly, this Court may vacate an arbitration award based on a ground enumerated in the Federal Arbitration Act or if the arbitrator acted in manifest disregard of law. *Id.* Neither are at issue here.

Rather, the instant arbitration clause in the franchise agreement specifically provides for final and binding arbitration for any "controversy or claim arising out of or relating to" the franchise agreement. ECF No. 1-3 at 1. Although Choice's motions do not expressly identify where arbitration was held, the Franchise Agreement makes plain that it would take place in Maryland, and the arbitration award confirms the proceedings were held "in accordance with the terms of the parties' Arbitration Agreement." ECF No. 1, p. 4. The parties are also diverse, and the amount of the arbitration award for which the Plaintiff seeks confirmation exceeds the jurisdictional minimum for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a). The pleadings before this Court, therefore, demonstrate that the arbitration award can and should be confirmed.

The arbitrator awarded Plaintiff $105,679.58, which is comprised of $27,174.46 in unpaid franchise and related fees, $16,637.12 in interest through April 2016, $57,600.00 in liquidated damages, and $ 4,268.00 in administrative expenses and arbitrator compensation. ECF No. 6-2. Plaintiff requests entry of a default judgment in that amount, "plus post-judgment interest until paid and $400 for the costs of this action." ECF No. 6. The Court grants entry of $105,679.58 plus $400 in costs because Plaintiff requested the same in its initial petition for confirmation of the arbitration award. ECF No. 1. *See* Fed. R. Civ. P. 54(c). Insofar as Plaintiff seeks reimbursement for post-judgment interest, such is awarded by operation of law and not by Court order. *See* 28 U.S.C. § 1961(a); *Choice*, 2012 WL 5995248, at *4. Plaintiff has demonstrated that it is entitled to the remaining requested award and a default judgment in that amount will be entered.

**IV.    Conclusion**

For the above-stated reasons, Plaintiff Choice's motion for default judgment is granted. A separate order will follow.

5/3/2017  
Date

/S/  
Paula Xinis  
United States District Judge